## PICKETT *v.* BULLOCK.

A lien upon a chattel will be waived when the party enters into any special agreement inconsistent with the existence of the lien.

Where the new agreement is not in writing, it will ordinarily be a question of fact for the jury whether the lien was waived or not.

TROVER, by Horatio G. Pickett against Wm. R. Bullock for a cow. About April, 1870, one Eliza Norcross, being the owner of the cow, sold it to the plaintiff at the price of $40, upon the express condition that the animal was to remain her property till paid for. On April 8, 1871, the cow not having been paid for in full, Charles W. Scott, and Nelson Norcross, a brother of Eliza, acting as her servants or agents in the matter, took the cow from the plaintiff's possession and left it over one night in a barn owned by the defendant's mother, and whether this was done with or without the consent of the defendant was a matter in dispute. It appeared that, for some time before the conditional sale, in April, 1870, the plaintiff had been keeping the cow; and he testified that, at the time of the trade, there was due him for keeping, the sum of $3.50, which had never been paid. On this part of the case the court instructed the jury that if they found that at the time of the sale it was agreed between the parties that the cow should be and remain the property of Eliza Norcross until paid for, that would amount to a waiver of any lien the plaintiff might have had on the animal for the keeping, so that he could not recover against this defendant by virtue of such lien. To this instruction the plaintiff excepted. Verdict for the defendant. Case reserved.

*Hardy,* for the plaintiff.

*Albee,* for the defendant.

SARGENT, C. J. The right of lien is to be deemed to be waived when the party enters into a special agreement inconsistent with the existence of the lien, or from which a waiver of it may be fairly inferred. Possession is not only essential to the creation, but also to the continuance of a lien; and when the party voluntarily parts with the possession of the property upon which the lien has attached, he is devested of the lien. 2 Kent's Com. 638, 639.

The question in this case is, Could the court hold as matter of law, upon the facts stated, that the lien was waived, or should that question have been submitted to the jury? There was no change of possession or of property. Before the sale, the plaintiff had been keeping the cow as the property of Eliza Norcross, and after the sale it continued hers, and he still had the possession. Might not the parties have agreed that the plaintiff should hold the cow subject to the lien for a certain

time, under the new arrangement? It might be improbable, but we can hardly decide that it would be impossible.

We think in this case, as in ordinary cases where the contract is merely verbal, it must be a question for the jury whether the lien was intended and understood by the parties to be waived or not. The new agreement, with all its attendant circumstances, is to be considered; and if nothing is said about the lien, then the jury must find from all the evidence what their understanding was concerning it.

The verdict must be set aside, and a

*New trial granted.*